YAKOV AND MARINA LYUBAROV, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lyubarov v. Commissioner
Docket No. 3619-91
United States Tax Court
T.C. Memo 1992-283; 1992 Tax Ct. Memo LEXIS 311; 63 T.C.M. (CCH) 3025; May 18, 1992, Filed *311 An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed. Yakov and Marina Lyubarov, pro se. William J. Gregg, for respondent. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section numbers refer to the Internal Revenue Code for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioners filed an objection. Respondent filed a reply to petitioners' objection. The sole issue for decision is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b). Respondent determined a deficiency and additions to tax in petitioners' 1986 Federal income tax as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
$ 3,363 $ 168
50 percent of the
interest due on the
underpayment
attributable to
negligence of $3,363.
For convenience, we have combined the *312 findings of fact and opinion. Petitioners resided in Brooklyn, New York, at the time they filed their petition in this case. On March 19, 1990, respondent sent a notice of deficiency to petitioners at the following address: 222 East 8th Street Brooklyn, N.Y. 11218 This was also the address on petitioners' timely filed 1988 Federal income tax return. Petitioners' 1989 Federal income tax return was filed with the Brookhaven Service Center in Holtsville, New York, no earlier then March 5, 1990, the date petitioners signed that return. The address on petitioners' 1989 return was: 1530 East 8th Street Brooklyn, N.Y. 11230 It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; . The Commissioner is authorized to send a notice of deficiency by certified or registered mail if she determines there is a deficiency in tax. Sec. 6212(a). Mailing the notice of deficiency to the taxpayers' last known address shall constitute sufficient notice. Sec. 6212(b)(1). Once *313 the notice of deficiency has been mailed, the taxpayers have 90 days (150 days if addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). It is well settled that a notice of deficiency is valid even if it is not received. , affg. an unpublished Order of this Court; ; , affd. without published opinion . Due to the administrative burdens of the Internal Revenue Service (IRS), Congress did not intend to require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed to the taxpayers' "last known address". The notice of deficiency in the instant case was returned to respondent on March 28, 1990, as unclaimed *314 and moved, not forwardable. Nothing in section 6212(b) requires the IRS to take additional steps to deliver the notice if it is returned. Respondent sent a notice of deficiency to petitioners on March 19, 1990. The petition would have been timely if filed on or before June 18, 1990. Petitioners did not file their petition with this Court until February 25, 1991, in an envelope bearing a United States postmark dated February 20, 1991. The petition is untimely because it was filed after the expiration of the 90-day period after the issuance of the notice of deficiency. Accordingly, this case must be dismissed. If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. , affd. without published opinion . The taxpayers' "last known address" is the address to which, in light of all surrounding circumstances, *315 respondent reasonably believed the taxpayers wished the notice of deficiency to be sent. . The taxpayers' last known address is that address which appears on the taxpayers' most recently filed return, unless respondent has been given clear and concise notification of a different address. . Petitioners argue that the notice of deficiency was not sent to their "last known address" because it was mailed to 222 East 8th Street (as reflected on the notice of deficiency dated March 19, 1990) instead of 1530 East 8th Street (as reflected on their 1989 return, filed no earlier than March 5, 1990). The taxpayers' most recently filed return is that return which has been properly processed by an IRS Service Center such that the address appearing on the return was available to respondent's agent when she sent the notice of deficiency to petitioners. . The address from a recently filed return is available to the agent issuing the notice of deficiency, if such address could be obtained by an IRS computer transcript. *316 Ms. Lilian Cohen is a manager in the Brookhaven Service Center in Holtzville, New York. Ms. Cohen detailed the manner in which returns were processed during the relevant time period and how they were coded into the IRS computer system. Between January and April, the Brookhaven Service Center processes several million returns. She testified that the new address as reflected on petitioners' 1989 Federal income tax return would not have been accessible by computer by any of respondent's agents until April 9, 1990. We found Ms. Cohen to be a credible witness. Because the notice of deficiency was issued before respondent's agent could have accessed, by an IRS computer transcript, petitioners' new address as reflected on their 1989 return, we find the notice of deficiency was properly mailed to petitioners' last known address within the meaning of section 6212(b). ; , affd. . Petitioners contend that respondent should be required to exercise greater diligence *317 to discover the taxpayers whereabouts, prior to mailing the notice of deficiency, citing cases where respondent was aware that the taxpayers had moved before mailing the notice of deficiency. , revg. and remanding ; , revg. and remanding ; , revg. and remanding . These cases are distinguishable. In , also cited by petitioners, this Court stated: We agree that after respondent becomes aware of a taxpayer's change of address, she must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. ; Alta Sierra Vista v. Commissioner, 62 T.C. at 374. However, this obligation arises only if respondent becomes aware of an address change prior to mailing *318 the deficiency notice to the taxpayer's last known address. [Emphasis in original.]
There is no such evidence in this record that respondent became aware of an address change prior to mailing the notice of deficiency to petitioners at their last known address. We reject petitioners' contention. Rule 142(a); . We hold that petitioners' petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. Petitioners are not without a remedy. They may pay the tax, file a claim for refund, and, if the claim is disallowed, file a refund suit in the United States District Court or the United States Claims Court. Sec. 7422; . An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed.